UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 06 1913**

-----------------------------------------

ELLE CARMICHAEL, as Administratrix of
The Estate of Romona Moore,                    06 CV

        Plaintiff,                    **COMPLAINT AND**
                                               **JURY DEMAND**

       -against-

THE CITY OF NEW YORK, ROBIN D. WALLACE,
ADRIANNE R. WALLACE, KAYSON PEARSON,
and TROY HENDRIX,

        Defendants.    **POHORELSKY, M.J.**

-----------------------------------------X

*FILED*
*U.S. CLERKS OFFICE*
*DISTRICT COURT E.D.N.Y.*
*APR 25 2006*
*BROOKLYN OFFICE*

    Plaintiff ELLE CARMICHAEL, as Administratrix of the Estate

of Romona Moore, by her attorney, Robert J. Barsch, Esq., as and

for her Complaint, alleges as follows:

## INTRODUCTION

    1.  This action arises under 42 U.S.C. Sections 1981 and

1983 from acts of racial and national origin discrimination

committed by defendant The City of New York against the decedent,

Romona Moore, to wit, the deliberate refusal by defendant The

City of New York of not making a prompt investigation of missing

persons claims of African-Americans, while making a prompt

investigation for white or Asian individuals, despite having

official policies and procedures to investigate unusual or

unaccountable absences.

CLERK
U.S. DISTRICT COURT
E.D.N.Y.
AFTER HOURS DROP BOX

2006 APR 25  P 6:58

FILED

## JURISDICTION AND VENUE

2.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. Section 1331, insofar as the complaint states a cause of action pursuant to Federal law, to wit 42 U.S.C. 1981 and 1983 and under principals of pendent and ancillary jurisdiction with respect to state law claims.

3.    Venue is proper in this Court pursuant to 28 U.S.C. Section 1391 since the alleged unlawful actions were committed within the Eastern District of New York and defendants made be found with this District Court.

## PARTIES

4.    Plaintiff is a natural person and resides in the County of Kings, City and State of New York.  Plaintiff is the duly authorized Administratrix of the Estate of Romona Moore

5.    Defendant CITY OF NEW YORK is, and at all times hereinafter mentioned was, a municipal corporation organized and existing under the laws of the State of New York.

6.    As set forth by applicable Federal Constitution, Federal Statutes, New York Statute and New York City ordinances, the City of New York has a continuing obligation to provide a competent police force, to follow established police policies and procedures, and to be free of racial discrimination.

2

7.   Upon information and belief, defendants ROBIN D. WALLACE and ADRIANNE R. WALLACE are natural persons, and own the premises located at 5807 Snyder Avenue, Brooklyn, New York.

8.   Upon information and belief, defendant KAYSON PEARSON is a natural person, and is a resident of Brooklyn, New York.

9.   Upon information and belief, defendant TROY HENDRIX is a natural person, and is a resident of Brooklyn, New York.

## FACTUAL ALLEGATIONS

10.   The circumstances involving the disappearance of plaintiff's daughter, Romona Moore, that form the basis of this action occurred on April 24, 2003 in Brooklyn, New York.  The subsequent reporting of same to officers of the New York City Police Department ("NYPD") from the 67th Precinct, 2820 Snyder Avenue, Brooklyn, New York, occurred on April 25, 2003, at approximately 10:30 a.m., as a result of a 911 call placed at approximately 9:00 a.m.  The two officers that responded to the call, POF Monique Richard and Sgt. Alvin Gomez, advised plaintiff to call the Precinct after 24 hours.  Plaintiff advised the officers that it was unlike her daughter to be away so long without saying anything.

11.   Upon information and belief, the NYPD has a policy and practice of not making a prompt investigation of missing persons claims of African-Americans, while making a prompt investigation

3

for white individuals, despite having official policies and procedures to investigate unusual or unaccountable absences.

12.   On April 25, 2003, at approximately 7:10 p.m., plaintiff was advised by Det. Henn of the 67th Precinct that plaintiff should not have been allowed to file a report.   On April 26, 2003, at approximately 10:30 a.m., plaintiff was advised by Det. Hutchinson that nothing could be done to investigate her daughter's disappearance.

13.   Upon information and belief, the NYPD closed the case on or about April 26, 2003.

14.   After the persistence of plaintiff, the NYPD reopened the investigation and assigned Det. Wayne Carey on April 28, 2003 to investigate the disappearance.

15.   On April 29, 2003, Det. Carey advised plaintiff that the NYPD had a lead in the investigation, but did not advise plaintiff of the details involving the lead.   Det. Carey told plaintiff several times that her daughter was probably off somewhere with a boyfriend.   Upon information and belief, the basis of the lead was the escape of a 15-year old girl named Shaniqua from a residence located at 5807 Snyder Avenue, Brooklyn, New York.

16.   Upon further information and belief, Shaniqua was sexually assaulted by at least two individuals named Kayson Pearson and Troy Hendrix.   Upon information and belief, Troy

4

Hendrix resided at 5807 Snyder Avenue, and had a criminal record for attempted rape. Shaniqua related to officers of the NYPD that these individuals threatened her by telling her that they killed another girl in the house. Upon information and belief, plaintiff's daughter was murdered in the premises by these same two individuals on or about April 28, 2003, and that plaintiff's daughter was sexually assaulted for three days in the premises before her murder. Det. Carey was aware of Shaniqua's statement.

17. Upon further information and belief, the NYPD failed to investigate 911 calls complaining of screaming that were placed around the residence at 5807 Snyder Avenue during the time plaintiff's daughter was still alive. Upon further information and belief, the NYPD failed to properly investigate the crime scene at 5807 Snyder Avenue for physical evidence of the presence of plaintiff's daughter.

18. On April 30, 2003, at approximately 9:30 p.m., Police Officers Michael Hinrichs, Michael Hopkins and Eric Torres came to plaintiff's residence with a search dog. The three officers later told plaintiff that they took the dog to Snyder Avenue to search without any results. Later that night, at approximately 11:00 p.m., Det. Carey asked plaintiff if her daughter was pregnant. During the investigation, Det. Carey asked plaintiff if she wanted him to pull her daughter out of a hat, and told her that the case should not have been investigated.

19. On May 8, 2003, Det. Carey told a reporter from the New York Post not to waste their time on the story of plaintiff's daughter's disappearance; that she had run away.

20. On May 10, 2003, as a result of leaflets distributed by plaintiff and her relatives, a male called plaintiff's relatives and advised them that the body of plaintiff's daughter was under an ice cream truck located at 5479 Kings Highway, Brooklyn, New York. Officers of the NYPD went to the premises, and located the body.

## FIRST CAUSE OF ACTION (42 U.S.C. Section 1981)

21. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 20 above, as if set forth at length herein.

22. The acts of defendant The City of New York were in violation of Section 1981 of Title 42 of the United States Code, and resulted in the deprivation of the civil rights of Romona Moore, as a direct result of clear racially motivated discrimination.

23. Accordingly, plaintiff is entitled to recover the sum of not less than the sum of One Million Dollars ($1,000,000) each in compensatory damages and not less than One Million Dollars ($1,000,000) each in punitive damages, injunctive relief, together with the costs and disbursements of this action, including but not limited to reasonable attorney's fees per 42

6

U.S.C. Section 1988.

### SECOND CAUSE OF ACTION (42 U.S.C. Section 1981)

24.   Plaintiffs repeat and reallege the allegations set
forth in paragraphs 1 through 23 above, as if set forth at length
herein.

25.   The acts of defendant The City of New York were in
violation of Section 1983 of Title 42 of the United States Code,
and resulted in the deprivation of the civil rights of Romona
Moore, as a direct result of clear racially motivated
discrimination.

26.   Accordingly, plaintiff is entitled to recover the sum
of not less than the sum of One Million Dollars ($1,000,000) each
in compensatory damages and not less than One Million Dollars
($1,000,000) each in punitive damages, injunctive relief,
together with the costs and disbursements of this action,
including but not limited to reasonable attorney's fees per 42
U.S.C. Section 1988.

### THIRD CAUSE OF ACTION (ASSAULT/WRONGFUL DEATH)

27.   Plaintiffs repeat and reallege the allegations set
forth in paragraphs 1 through 26 above, as if set forth at length
herein.

7

28.   Upon information and belief, defendants Robin D. Wallace and Adrianne R. Wallace aided and abetted the actions of defendants Kayson Pearson and Troy Hendrix.

29. Accordingly, plaintiff is entitled to recover the sum of not less than the sum of One Million Dollars ($1,000,000) each in compensatory damages and not less than One Million Dollars ($1,000,000) each in punitive damages, together with the costs and disbursements of this action.

## FOURTH CAUSE OF ACTION (NEGLIGENCE/WRONGFUL DEATH)

30.   Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 29 above, as if set forth at length herein.

31.   Upon information and belief, defendants Robin D. Wallace and Adrianne R. Wallace were negligent in failing to prevent the actions of defendants Kayson Pearson and Troy Hendrix, by allowing Troy Hendrix to reside in the premises, and by being generally negligent.

32. Accordingly, plaintiff is entitled to recover the sum of not less than the sum of One Million Dollars ($1,000,000) each in compensatory damages and not less than One Million Dollars ($1,000,000) each in punitive damages, together with the costs and disbursements of this action.

8

WHEREFORE, plaintiff respectfully demands judgment against defendants as follows:

a.   against defendant The City of New York in the sum of not less than the sum of One Million Dollars ($1,000,000) each in compensatory damages and not less than One Million Dollars ($1,000,000) each in punitive damages and injunctive relief on the First Cause of Action, together with the costs and disbursements of this action, including but not limited to reasonable attorney's fees;

b.   against defendant The City of New York in the sum of not less than the sum of One Million Dollars ($1,000,000) each in compensatory damages and not less than One Million Dollars ($1,000,000) each in punitive damages and injunctive relief on the Second Cause of Action, together with the costs and disbursements of this action, including but not limited to reasonable attorney's fees;

c.   against defendants Robin D. Wallace, Adrianne R. Wallace, Kayson Pearson and Troy Hendrix in the sum of not less than the sum of One Million Dollars ($1,000,000) each in compensatory damages and not less than One Million Dollars ($1,000,000) each in punitive damages on the Third Cause of Action, together with the costs and disbursements of this action;

d.   against defendants Robin D. Wallace and Adrianne R. Wallace in the sum of not less than the sum of One Million Dollars ($1,000,000) each in compensatory damages and not less

9

than One Million Dollars ($1,000,000) each in punitive damages on the Fourth Cause of Action, together with the costs and disbursements of this action; and

e.   such other and further relief as is just and proper.

Dated:   New York, New York
         April 24, 2006

                              Yours, etc.,


                              _____
                              ROBERT J. BARSCH, ESQ.
                              RB 1612
                              Attorney for plaintiffs
                              60 East 42nd Street
                              Suite 2501
                              New York, NY 10017
                              (212) 986-2251


                    JURY DEMAND

     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs demand trial by jury on all issues herein.

Dated:   April 24, 2006
         New York, New York

                              Yours, etc.,


                              _____
                              ROBERT J. BARSCH, ESQ.
                              RB 1612
                              Attorney for plaintiffs
                              60 East 42nd Street
                              Suite 2501
                              New York, NY 10017
                              (212) 986-2251