UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ELLE CARMICHAEL, as Administratrix of the Estate of
Romona Moore,

             Plaintiff,

     -against-

CITY OF NEW YORK, TOBIN D. WALLACE[1],
ADRIANNE R. WALLACE, KAYSON PEARSON, AND
TROY HENDRIX,

             Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT**

**06 CV 1913 (NG)(VVP)**

**Jury Trial Demanded**

     Defendants City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully allege, upon information and belief, as follows:

     1.   Denies the allegations set forth in paragraph "1" of the complaint,

     2.   Denies the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to base jurisdiction as stated therein.

     3.   Denies the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to base venue as stated therein.

     4.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

     5.   Denies the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation.

---

[1] Tobin D. Wallace, Adrianne R. Wallace, Kayson Pearson, and Troy Hendrix are not represented by the City of New York. Accordingly, defendant City is not answering on their behalf.

6.   Defendant states that the allegations set forth in paragraph "6" of the complaint constitute legal conclusions to which no response is required.

7.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff's daughter disappeared in April 2003.

11.  Denies the allegations set forth in paragraph "11" of the complaint.

12.  Denies the allegations set forth in paragraph "12" of the complaint.

13.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint, except admit that Kayson Pearson and Troy Hendrix were prosecuted and convicted for charges regarding the rape and murder of Romona Moore.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint, except admit that the NYPD did conduct an investigation into the disappearance of Romona Moore.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint, except admit that on May 10, 2003, the body of Romona Moore was discovered.

21. In response to the allegations set forth in paragraph "21" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "20" inclusive of this answer, as if fully set forth herein.

22. Denies the allegations set forth in paragraph "22" of the complaint, except admit that plaintiff purports to base jurisdiction as stated therein.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "23" inclusive of this answer, as if fully set forth herein.

25. Denies the allegations set forth in paragraph "25" of the complaint, except admit that plaintiff purports to base jurisdiction as stated therein.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "26" inclusive of this answer, as if fully set forth herein.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint as they pertain to defendant City.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "29" inclusive of this answer, as if fully set forth herein.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint as they pertain to defendant City.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

33. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

34. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

35. At all times relevant to the acts alleged in the complaint, defendant City acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

36. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant City.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

37. Plaintiff has failed to comply with New York General Municipal Law §50-e.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

38. Plaintiff provoked any incident.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

39. Punitive damages cannot be recovered against the City of New York.

### AS AND FOR A EIGHT AFFIRMATIVE DEFENSE:

40. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion.  Therefore, they are entitled to governmental immunity from liability.

**WHEREFORE,** defendants City of New York, requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         November 13, 2006

                                        MICHAEL A. CARDOZO
                                      Corporation Counsel of the
                                      City of New York
                                      Attorney for Defendant City of New York
                                      100 Church Street, Room 3-178
                                      New York, New York 10007
                                      (212) 788-1029

                                      By: _____
                                          JENNIFER L. RUBIN (JR 7938)
                                          Assistant Corporation Counsel

To:   Robert J. Barsch, Esq. (by ECF)
      60 East 42nd Street
      Suite 2501
      New York, New York 10017