**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 2 8 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

ELLE CARMICHAEL, as Administratrix of The Estate of
Romona Moore,

                                        Plaintiff,

                -against-

THE CITY OF NEW YORK, ROBIN D. WALLACE,
ADRIANNE R. WALLACE, KAYSON PEARSON, and
TROY HENDRIX,

                                        Defendants.

------------------------------------------------------------- x

**STIPULATION AND
PROTECTIVE ORDER**

06-CV-1913 (NG)(VVP)

JURY TRIAL DEMANDED

        **WHEREAS**, Plaintiff has requested the City of New York provide information

and disclose documents pertaining to the investigative file on the investigations of Romona

Moore, Svetlana Aronov and Imette St. Guillen; and

        **WHEREAS**, defendant City of New York deems this information and these

documents confidential as they contain numerous names, addresses, telephone numbers and

other personal identifying information of non-parties; and

        **WHEREAS**, defendant City of New York objects to the disclosure of this

information and production of these documents unless appropriate protection for their

confidentiality is assured;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by

and between the attorneys for plaintiff, the City of New York, and Robin D. Wallace and

Adrianne R. Wallace (hereinafter "Wallace defendants") as follows:

        1.        As used herein, "Confidential Materials" shall mean the investigative file

on the investigation of Romona Moore, Svetlana Aronov and Imette St. Guillen, including, but

not limited to, Complaint Follow-Up Informational Reports (DD5's), Crime Scene Reports, Sprint Reports, New York City Police Department notes and memoranda; and any other documents located in the investigative file that may contain the names, addresses, telephone numbers, and/or other personal identifying information of non-parties, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by Plaintiff and/or the Wallace defendants from sources other than the City of New York, and/or any of its agencies and/or entities thereof, or (b) are otherwise publicly available.

2.      Defendant City of New York shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by Bates number in a writing directed to Plaintiff's and the Wallace defendants' counsel. Defendant City of New York shall have a reasonable time to inspect and designate as "Confidential Materials" documents defendant City of New York has sought by subpoena from third parties, and such documents, if produced to Plaintiff and the Wallace defendants, shall be treated as "Confidential Materials" during such reasonable period. Defendant City of New York reserves the right to designate any documents confidential pursuant to this agreement if necessary after production of such documents to the Plaintiff and the Wallace defendants.  If Plaintiff and/or the Wallace defendants object to the designation of particular documents as "Confidential Materials," Plaintiff and/or the Wallace defendants shall state such objection in writing to defendant City of New York, and the parties shall endeavor in good faith to resolve such objection.  If such objection cannot be resolved, defendant City of New York shall, within fourteen (14) days of receiving the objections, move for an order approving such designation.

2

3.      Plaintiff's and the Wallace defendants' attorneys shall not use the Confidential Materials for any purpose other than for the preparation or presentation of the case entitled <u>Elle Carmichael, as Administratrix of the Estate of Romona Moore v. City of New York, et al.</u>, 06-CV-1913 (NG)(VVP) ("this action").

4.      Plaintiff's and the Wallace defendants' attorneys shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

    a.      Disclosure before trial may be made only to the Plaintiff, Wallace defendants, an expert or experts who has or have been, or may be, retained or specially employed by their attorneys in this action in anticipation of litigation or preparation for this action, a witness at deposition, or the Court. In the event a conflict arises between the parties as to whether Plaintiff's and/or the Wallace defendants' attorneys may show the Confidential Materials to a potential deponent, or other person whom counsel reasonably believes may have knowledge of the information described or referred to in the Confidential Materials, Plaintiff's and the Wallace defendants' attorneys agree not to do so until such time that the parties can obtain a ruling from the Court in this regard.

    b.      Before any disclosure is made to a person listed in subparagraph (a) above, other than to the Court, Plaintiff's and the Wallace defendants' attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall

3

consent in writing, in the form annexed hereto as <u>Exhibit A</u>, not to use the Confidential Materials for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Confidential Materials except in testimony taken in this case.   The signed consent shall be retained by Plaintiff's and the Wallace defendants' attorneys.

5.   Plaintiff and the Wallace defendants shall not disclose the documents or information contained therein to anyone other than their attorney of record in this action.

6.   Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall at defendant City of New York's request to the reporter, be separately bound, with a cover page prominently marked "CONFIDENTIAL."   Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6.   If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Eastern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order.   This envelope and its contents shall at all times be

maintained separate and apart from the publicly
available files of this case.

7.     If any party intends to file the Confidential Materials with the Court, in
conjunction with a motion for summary judgment or otherwise, or intends to utilize any of the
Confidential Materials at trial, the party seeking to do so must first present the Confidential
Materials to the Court for a ruling on whether the Confidential Materials shall be filed under
seal in accordance with paragraph "6" hereof.

8.     Within 30 days after the termination of this case, including any appeals,
the Confidential Materials, including all copies, and all nonconforming copies, notes, and other
materials containing or referring to information derived therefrom, shall, upon defendant City of
New York's request, be returned to defendant City of New York's attorneys or, upon their
consent, destroyed, and all persons who possessed such materials shall verify their return or
destruction by affidavit furnished to defendant City of New York's attorneys, provided that
Plaintiff's counsel and counsel for co-defendants Wallace may retain all notes, memoranda
and/or communications containing attorney work product or attorney-client communication that
refers to the Confidential Materials.  Notwithstanding, all such documents retained by Plaintiff's
counsel and counsel for co-defendants Wallace shall be deemed "Attorney's Eyes Only," and
shall be disseminated to and maintained by Plaintiff's counsel of record and counsel of record for
co-defendants Wallace only.

5

9.    Nothing in this Stipulation and Protective Order shall be construed to limit Defendant City of New York's use of the Confidential Materials in any manner.

Dated:        Brooklyn, New York
              _____

KENNETH P. THOMPSON
Thompson Wigdor & Gilly LLP
*Attorneys for Plaintiff*
85 Fifth Avenue, Fifth Floor
New York, New York 10003
(212) 257-6800

By: _____
     Kenneth P. Thompson

A. LORENZO BRYAN
*Attorney for Defendants Wallace*
366 Stuyvesant Avenue
Brooklyn, New York 11233
(718) 773-2400

By: _____
     A. Lorenzo Bryan

MICHAEL A. CARDOZO
Corporation Counsel of the City of New
York
*Attorney for Defendant City of New York*
100 Church Street
New York, New York 10007
(212) 788-0906

By: _____
     Shawn D. Fabian

SO ORDERED: _____

_____
HONORABLE VIKTOR V. POHORELSKY
UNITED STATES MAGISTRATE JUDGE

July 27, 2010

6