FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  MAR 28 2011  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ELLE CARMICHAEL, as Administratrix of
the Estate of Romona Moore,

                                  Plaintiff,

            -against-

CITY OF NEW YORK, ROBIN D. WALLACE,
ADRIANNE R. WALLACE, KAYSON PEARSON,
AND TROY HENDRIX,

                                  Defendants.

------------------------------------------------------------------x

**STIPULATION AND PROTECTIVE ORDER FOR "ATTORNEYS' EYES ONLY"**

06 CV 1913 (NG) (VVP)

(filed by ECF)

        **WHEREAS**, plaintiff has sought the depositions of current and former members of the New York City Police Department and communicated her intention to record the depositions by audiovisual means pursuant to Rules 28(a) and 30(b)(3) of the Federal Rules of Civil Procedure; and

        **WHEREAS**, defendant City of New York deems the likeness of current and former members of the New York City Police Department, whether by photograph or videotape, to be sensitive and confidential information that is inappropriate for public disclosure, and to raise law enforcement concerns as well as privacy and security concerns for the individuals involved; and

        **WHEREAS**, the Court has ordered and the parties have agreed that good cause exists for the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and co-defendants, that plaintiff may videotape the

deposition(s) of current and/or former members of the New York City Police Department, subject to the following conditions:

    1.    As used herein, "Confidential Materials – Attorneys' Eyes Only" materials means the videotaped, still, and/or recorded images and voices of the current or former members of the New York City Police Department or other City employees whose deposition(s) may be video and/or sound recorded in this matter, including any and all photographs, negatives, digital camera files, print images, computer-generated likenesses, or visual depictions of any kind whatsoever.

    2.    Counsel for plaintiff and co-defendants Robin D. Wallace and Adrianne R. Wallace shall not disclose or use the "Confidential Materials – Attorneys' Eyes Only" materials for any purpose other than for the preparation or presentation of their clients' cases in this action, and shall not disclose the "Confidential Materials – Attorneys' Eyes Only" materials to plaintiff or to co-defendants Robin D. Wallace and Adrianne R. Wallace, or to any person who is a member of the staff of their law offices who is not needed to assist counsel in the preparation for trial of this action.

    3.    Counsel for plaintiff and co-defendants Robin D. Wallace and Adrianne R. Wallace may disclose the materials to an expert who has been retained or specially employed by counsel for plaintiff or co-defendants Robin D. Wallace and Adrianne R. Wallace in this action as needed to assist in litigating this action or preparing for the trial of this action, to a witness at a deposition, or to the Court, including any appropriate use at trial. No original or copy of the videotaped depositions or sound recordings derived therefrom, or portion thereof, may be given to plaintiffs or co-defendants or to any witness other than an expert. In the event that a conflict arises between or among the parties as to whether counsel for plaintiff or co-defendants Robin D. Wallace and

- 2 -

Adrianne R. Wallace may show the videotapes or sound recordings derived therefrom to a witness at a deposition, counsel agrees not to do so until such time as the parties have been able to obtain a ruling from the Court in this regard.

4. Counsel for plaintiff have agreed to use a reputable and certified videotaping service for the purpose of videotaping each deposition identified on Exhibit A hereto, or such other reputable and certified service as may be identified by plaintiff at least 14 days prior to the deposition in question and is agreed-upon by counsel for defendant City of New York.

5. Before any disclosure is made to a person described in paragraph 3 above, (namely, an expert who has been retained or specially employed by counsel for plaintiff or co-defendants Robin D. Wallace and Adrianne R. Wallace in this action as needed to assist in litigating this action or preparing for the trial of this action or to a witness at a deposition), counsel for plaintiff or co-defendants Robin D. Wallace and Adrianne R. Wallace shall provide such person with a copy of this Stipulation and Protective Order for Attorneys' Eyes Only, and such person shall consent in writing, in the form annexed hereto as Exhibit B, not to use the "Confidential Materials – Attorneys' Eyes Only" for any purpose other than in connection with the preparation of this case for trial and not to further disclose the "Confidential Materials – Attorneys' Eyes Only." The signed consent shall be retained by counsel for plaintiff or co-defendants Robin D. Wallace and Adrianne R. Wallace and a copy provided to counsel for defendants within 30 days after the date of signature. In the case of a non-testifying expert or consultant, counsel shall retain the original of the signed consent and provide a copy with the name of the expert redacted within 30 days of the expert or consultant's signature. A signed unredacted copy of the

consent shall be provided by counsel for plaintiff or co-defendants to defendants' counsel within 30 days of the conclusion of the litigation.

6. The individual operating the camera at each deposition and preparing the videotape of each deposition must meet the requirements for a person before whom a deposition may be taken as set forth in Rule 28 of the Federal Rules of Civil Procedure. A principal of the videotaping service used by plaintiff shall sign a consent, in the form annexed hereto as Exhibit B, as well as each individual employee or contractor of the service who operates the camera or who otherwise has access to the "Confidential Materials – Attorneys' Eyes Only."

7. The witness(es) shall appear in front of a blank wall and nothing shall be displayed behind or in front of the witness(es). The background and all walls visible during the videotaping shall be bare.

8. The lighting conditions in the room in which the deposition(s) are held shall not change throughout the course of the deposition(s).

9. The camera shall not pan, move, or change its angle during the course of the deposition(s).

10. Only the image of the witness shall appear on the videotape and not the images of counsel or any other persons present at each of the depositions.

11. Plaintiff's attorney shall not edit the videotape(s) of the deposition(s) in any manner.

12. No witness shall be videotaped or recorded off the record or before the deposition, after the deposition, or during breaks from testifying during the deposition.

13. The audiovisual recording service described in paragraph 4 above shall retain the original tapes or recordings of all videotaped and/or sound recorded

depositions under appropriate safeguards so as to preserve their integrity and prevent their public disclosure.

14. Each law firm that has appeared in this action shall maintain no more than two copies on disk or CD ROM of any tape or recording of each videotaped and/or sound recorded depositions for their use in this action, which shall be prominently labeled as follows: **Confidential Materials – Attorneys' Eyes Only pursuant to Court Order in <u>Carmichael v. City of New York, et al.</u>, 06 CV 1913 (NG) (VVP) (E.D.N.Y.).** Such tapes or recordings or information or material derived therefrom shall be downloaded onto computer hard drives of attorneys only as follows: the sole purpose of downloading the information onto the hard drives is for the ease of use of the materials by the attorneys, the hard drives must be located on the law firm's premises, the attorneys must be attorneys who are principals or employees of the law firms that are signatories to this stipulation and order, <u>and</u> the attorneys must be attorneys who are actively working on the prosecution or defense of this matter. The files shall be deleted from each attorney's computer hard drive at such time as the attorney is no longer actively working on this matter. Each law firm shall maintain a list of attorneys who have had access to each of the videotaped and/or sound recorded depositions or any portion thereof. In addition, each such attorney and each staff member who has access to the "Confidential Materials – Attorneys' Eyes Only" shall sign a consent, in the form annexed hereto as <u>Exhibit B</u>. Under no circumstances shall any tape or recording of each videotaped and/or sound recorded depositions or any portion thereof be placed or maintained on any computer network.

15. Plaintiff's counsel shall provide a copy of any and all video sound recordings of each deposition to counsel for the witness, as well as the originals of the stenographic transcriptions of the testimony for review and signature.

16. Defendant City of New York reserves the right after inspection of the tapes or recordings to determine whether the materials are in compliance with the terms of this Stipulation and Order and, if necessary, to demand the return or destruction of any material that is not in compliance. Counsel for defendant City of New York will inform counsel for plaintiff and co-defendants Robin D. Wallace and Adrianne R. Wallace of such determinations within a reasonable time after receipt of the materials. Counsel for plaintiff and co-defendants Robin D. Wallace and Adrianne R. Wallace will, within three business days after receipt of defendant City of New York's objections, respond in writing to defendant City of New York's objections. If the parties cannot resolve such matters after a good faith effort, then defendant City of New York may seek relief from the Court. While the resolution of such matters is pending, the disputed materials will not be disclosed or used in any manner until the dispute is resolved in writing or by Court order.

17. If counsel for any of the parties intends to use the videotaped or sound recording of a deposition at trial, counsel must make the necessary arrangements to have appropriately redacted copies of the videotape ready for trial, i.e., copies which will have incorporated and appropriately deleted all portions that the Court finds inadmissible; this includes, but is not limited to, occasions wherein the Court sustains objections to the form of the question and other objections that are reserved until the time of trial.

18. The parties agree that, if any papers that incorporate the "Confidential Materials – Attorneys' Eyes Only" materials or any portions thereof, are to be filed with the Court, the parties shall make a joint application to the Court for permission to file those papers under seal. Upon receipt of permission, the parties shall follow the protocol of the United States District Court for the Eastern District of New York for filing under seal.

19. Within 30 days after the termination of this case, including any appeals, the "Confidential Materials – Attorneys' Eyes Only," including all portions thereof, shall be returned to defendant City of New York's attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys, which affidavit shall also verify the manner and timing of their destruction. Counsel shall also verify by affidavit furnished to defendants' counsel that no copies were made and not destroyed.

20. Nothing in this Stipulation and Protective Order shall be construed to limit Defendant City of New York's use of the "Confidential Materials – Attorneys' Eyes Only" in any manner.

21. This stipulation shall be binding upon the parties immediately upon signature, and shall be submitted to the Court for entry as an Order.

22. It shall remain the responsibility of each of the principals of the law firms who are signatories to this stipulation and order to ensure compliance of the provisions of this paragraph and of paragraph 19 above, and all other provisions of this stipulation and order.

23. The parties reserve their rights to seek modification of this Stipulation and

Protective Order by application to the Court for good cause shown at any time during the course of this litigation.

Dated: New York, New York
_____, 2011

DAVID E. GOTTLIEB, ESQ.
Thompson Wigdor & Gilly LLP
85 Fifth Avenue
New York, NY 10003

By _____
   David E. Gottlieb

A. LORENZO BRYAN, ESQ.
Law Office of A. Lorenzo Bryan LLC
366 Stuyvesant Avenue
Brooklyn, NY 11233

By _____
   A. Lorenzo Bryan

MICHAEL A. CARDOZO, ESQ.
Corporation Counsel of the City of New York
Attorney for Defendants City of New York
100 Church Street
New York, NY 10007

By: _____
    Susan P. Scharfstein

SO ORDERED:

s/Viktor V. Pohorelsky
_____
VIKTOR V. POHORELSKY
UNITED STATES MAGISTRATE JUDGE

3/28/2011

- 8 -

# EXHIBIT A

David Feldman Worldwide
450 Seventh Avenue
New York, NY 10123

TSG Reporting
747 Third Avenue, Suite 22B
New York, NY 10017

## EXHIBIT B

The undersigned hereby acknowledges that he has read the Stipulation and Protective Order for Attorneys' Eyes Only entered in the United States District Court for the Eastern District of New York on _____, 2011, in the action entitled <u>Carmichael v. City of New York, et al.</u>, 06 CV 1913 (NG) (VVP), and understands the terms thereof. The undersigned agrees not to use the "Confidential Materials – Attorneys' Eyes Only" defined therein for any purpose other than in connection with the presentation of this case, will not further disclose the "Confidential Materials – Attorneys' Eyes Only," and will abide by all other terms of the stipulation and order.

_____        _____
Date                                                            Signature

                                                                       _____
                                                                       Print Name

                                                                       _____
                                                                       Occupation