

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Susan P. Scharfstein**<br>*Special Federal Litigation Division*<br>*212-227-4071*<br>*Facsimile: (212) 788-9776*<br>*sscharfs@law.nyc.gov* |

May 3, 2011

**BY ECF**
Honorable Viktor V. Pohorelsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
New York, NY 11201

        Re: <u>Carmichael v. City of New York, et al.</u>, 06 CV 1913 (NG) (VVP)

Dear Magistrate Judge Pohorelsky:

        I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, counsel for defendant City of New York in the above-referenced action. I write to request that the Court "So Order" the annexed subpoena so that this office can access the last known address in the possession of the New York City Police Pension Fund for retired New York City Police Lieutenant Robert Casazza, whom plaintiff has advised that she wishes to depose in this action.

        I have tried to reach this retired member of service through his last known address in the possession of the New York City Police Department. Although I have only recently learned from plaintiff's counsel that plaintiff may wish to depose him and attempted to reach him, in the interests of moving forward as expeditiously as possible, I believe that it is advisable to confirm that I have updated contact information as quickly as possible. The New York City Police Pension Fund may have more recent contact information than the New York City Police Department. I understand that the Police Pension Fund will not release the necessary information unless a subpoena is "So Ordered" by the Court. Accordingly, I enclose a proposed form of subpoena and ask that the Court endorse this document. Additionally, I ask that Chambers kindly notify me when the Your Honor has had an opportunity to review the enclosed document and address this matter, so that I can arrange for a member of our staff to retrieve the "So Ordered" subpoena from Chambers.

We thank the Court for its consideration of this request.

Respectfully submitted,

/S/

Susan P. Scharfstein

cc:   David Gottlieb, Esq. (by ECF)
      A. Lorenzo Bryan, Esq. (by ECF)

# United States District Court

| EASTERN | DISTRICT OF | NEW YORK |
|---|---|---|

ELLE CARMICHAEL, as Administratrix of the Estate of
Romona Moore,

v.

CITY OF NEW YORK, ROBIN D. WALLACE, ADRIANNE R.
WALLACE, KAYSON PEARSON, AND TROY HENDRIX,

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 06 CV 1913 (NG)(VVP)

**TO:** NYC POLICE PENSION FUND
233 Broadway, 25th Floor
New York, NY 10007
Facsimile (212) 693-2823

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):Last known address and telephone number of retired police lieutenant Robert Casazza, Tax # 889723.

| PLACE | DATE AND TIME |
|---|---|
| Susan Scharfstein, New York City Law Department, 100 Church Street, 4th Floor, New York, New York 10007, telephone (212) 227-4071, fax # (212) 788-9776 | May 16, 2011 |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents or other persons who consent to testify on its behalf, and may set forth for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| So Ordered: _____
**Honorable Viktor V. Pohorelsky, U.S. Magistrate Judge** | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Honorable Viktor V. Pohorelsky, U.S. Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the forgoing information contained in the Proof of Service is true and correct.

Executed on _____              _____
              DATE                                SIGNATURE OF SERVER

                                                  _____
                                                  ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

i. requires disclosure of privileged or other protected matter and no exception or waiver applies, or

ii. subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.