

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Susan P. Scharfstein
*Special Federal Litigation Division*
212-227-4071
*Facsimile: (212) 788-9776*
sscharfs@law.nyc.gov

March 31, 2011

**BY ECF**
Honorable Viktor V. Pohorelsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
New York, NY 11201

      Re:  Carmichael v. City of New York, et al., 06 CV 1913 (NG) (VVP)

Dear Magistrate Judge Pohorelsky:

      I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, counsel for defendant City of New York in the above-referenced action.

      I write to request that the Court "So Order" the annexed Stipulation and Protective Order for "Attorneys' Eyes Only." We have prepared this document with regard to plaintiff's request for disclosure of the last known addresses of retired members of the New York City Police Department for the purpose of serving deposition subpoenas. The terms and provisions of the enclosed document have been agreed upon by counsel for the parties, and all counsel have the executed the document.

      We thank the Court for its consideration of this request.

      Respectfully submitted,

      /S/

      Susan P. Scharfstein

cc:  David Gottlieb, Esq. (by ECF)
      A. Lorenzo Bryan, Esq. (by ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

ELLE CARMICHAEL, as Administratrix of
the Estate of Romona Moore,

                           Plaintiff,

        -against-

CITY OF NEW YORK, ROBIN D. WALLACE,
ADRIANNE R. WALLACE, KAYSON PEARSON,
AND TROY HENDRIX,

                           Defendants.

---------------------------------------------------------------X

**STIPULATION AND PROTECTIVE ORDER FOR "ATTORNEYS' EYES ONLY"**

06 CV 1913 (NG) (VVP)

(filed by ECF)

        **WHEREAS**, plaintiff has requested that defendant City of New York provide the last known addresses of non-party retired New York City Police Sergeants Angel Collado and Joan Flynn, and may request similar information in the future; and

        **WHEREAS**, defendant deems this information sensitive and confidential personnel information which implicates the privacy interests of these former employees and members of law enforcement that should be for **ATTORNEYS' EYES ONLY**, and should be disseminated only to plaintiff's counsel and to a person working for and at the direction of plaintiff's counsel who is authorized by law and licensed to serve process in the locality in which such person works; and

        **WHEREAS**, defendant objects to the disclosure of this information unless appropriate protection for its confidentiality is assured; and

        **WHEREAS**, plaintiff seeks this information solely for the purpose of service of subpoenas on these non-parties to this action;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendants as follows:

1. As used herein, "Confidential Materials – Attorneys' Eyes Only" shall mean the last known addresses of retired New York City Police Sergeants Angel Collado and Joan Flynn.

2. Plaintiff's attorneys shall not disclose or use the "Confidential Materials – Attorneys' Eyes Only" information for any purpose other than for service of subpoenas on the non-party witnesses named herein or to be identified in the future, shall not disclose the "Confidential Materials – Attorneys' Eyes Only" to plaintiff or to any person not a member of the staff of their law office, unless such person is an authorized and licensed process server working on their behalf, and shall make such disclosure solely for the purpose of service on the non-party witnesses.

3. Before any disclosure is made to a person described in paragraph 2 above, plaintiff's attorney shall provide such person with a copy of this Stipulation and Protective Order for Attorneys' Eyes Only, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the "Confidential Materials – Attorneys' Eyes Only" for any purpose other than in connection with the service of a subpoena in this case and not to further disclose the "Confidential Materials – Attorneys' Eyes Only." The signed consent shall be retained by plaintiff's attorneys and a copy provided to counsel for defendant City.

4. Within 30 days after the termination of this case, including any appeals, the "Confidential Materials – Attorneys' Eyes Only," including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendant's attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendant's attorneys.

5. Nothing in this Stipulation and Protective Order shall be construed to limit

defendant's use of the "Confidential Materials – Attorneys' Eyes Only" in any manner.

      6.      This stipulation shall be binding on the parties immediately upon signature, and shall be submitted to the Court for entry as an Order.

      6.      The parties reserve their rights to seek modification of this Stipulation and Protective Order by application to the Court for good cause shown at any time during the course of this litigation.

Dated: New York, New York
         5/31, 2011

DAVID E. GOTTLIEB, ESQ.
Thompson Wigdor & Gilly LLP
85 Fifth Avenue
New York, NY 10003

By: _____
David E. Gottlieb

A. LORENZO BRYAN, ESQ.
Law Office of A. Lorenzo Bryan LLC
366 Stuyvesant Avenue
Brooklyn, NY 11233

By: _____
A. Lorenzo Bryan

MICHAEL A. CARDOZO, ESQ.
Corporation Counsel of the City of New York
Attorney for Defendants City of New York
100 Church Street
New York, NY 10007

By: _____
Susan P. Scharfstein

                                SO ORDERED:

                                _____
                                VIKTOR V. POHORELSKY
                                UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

The undersigned hereby acknowledges that he has read the Stipulation and Protective Order for Attorneys' Eyes Only entered in the United States District Court for the Eastern District of New York on _____, 2011, in the action entitled <u>Carmichael v. City of New York, et al.</u>, 06 CV 1913 (NG) (VVP), and understands the terms thereof. The undersigned agrees not to use the "Confidential Materials – Attorneys' Eyes Only" defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the "Confidential Materials – Attorneys' Eyes Only."

_____          _____
Date                             Signature

                                 _____
                                 Print Name

                                 _____
                                 Occupation

4