

**Thompson Wigdor LLP** ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.thompsonwigdor.com

**David E. Gottlieb**
dgottlieb@thompsonwigdor.com

July 23, 2012

**VIA ECF**

The Honorable Victor C. Pohorelsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Carmichael v. City of New York, et al.; No. 06 Civ. 1913 (NG) (VVP)</u>

Dear Judge Pohorelsky:

We represent Plaintiff Elle Carmichael and write this application to respectfully request permission to submit a reply expert report in response to Defendant City of New York's (the "City") rebuttal expert report. A reply expert report is necessary as the City's rebuttal expert report applied new and different methodologies to the New York City Police Department ("NYPD") missing person data that were not addressed in Plaintiff's initial Expert Report. The City has not consented to this request.

As the Court is aware, this matter has significant private and public importance. Plaintiff alleges that the NYPD engages in discriminatory practices with regard to missing person searches. More specifically, Ms. Carmichael alleges that this discriminatory practice led to the NYPD's refusal to label her daughter Romona Moore as "missing" and therefore their failure to conduct any immediate investigation following her missing person report. As a result, Ms. Moore was raped, tortured and ultimately murdered only one block from where she was last seen and a few blocks from her home. Statistical data has at all times been a focal point of this matter, as Plaintiff must establish a custom and practice of discriminatory conduct by the NYPD in order to prevail on her claims under *Monell v. City of New York Department of Social Services*, 436 U.S. 658 (1978). Plaintiff has endured years of litigation and significant expense to bring the litigation to its current stage.

On April 16, 2012, Plaintiff provided the City with an expert report of Dr. Mark Killingsworth wherein he analyzed the NYPD missing person data using a "straight line" method and determined that there was an under-representation of Black missing persons in the City, relative to what one

# Thompson Wigdor LLP ATTORNEYS AND COUNSELORS AT LAW

*Hon. Victor V. Pohorelsky*
July 23, 2012
Page 2

would expect, at statistically significant levels. This is consistent with and explains Plaintiff's claim that the City refused to label Ms. Moore missing following the initial missing person report.

On July 16, 2012, the City provided a rebuttal expert report from Dr. Abraham Wyner. Dr. Wyner's report not only critiqued Dr. Killingsworth's report and methodology, but also contained his own *new* and *independent* methodology (including an appendix full of new equations) for analyzing the NYPD missing person data and purports to show that there is no shortfall of Black missing persons. Dr. Wyner's report also analyzed missing person data not only as New York City as a whole, but also broken down by borough, something that was not a part of Dr. Killingsworth's analysis. However, while the City has had an opportunity to rebut the methodology of Dr. Killingsworth's report, Plaintiff has not had any opportunity to rebut the methodology of Dr. Wyner's report. This is fundamentally unfair. The mere fact that Plaintiff was required to provide the initial expert report should not provide the City with the right to an unrebuttable expert report using new methodologies.

Reply expert reports are permitted where the rebuttal expert report relies on a new methodology. *See, e.g., Lidle v. Cirrus Design Corp.*, No. 08-civ-1254 (BSJ) (HBP), 2009 WL 4907201 at *4-5 (S.D.N.Y. Dec. 18, 2009) (denying application for reply expert report because the rebuttal report did not contain any new methodology); *see also Oracle America, Inc. v. Google, Inc.*, No.C10-03561, 2011 WL 5572835, at *3(N.D. Cal. Nov. 15, 2011) (explaining that it is unfair to allow a party to prepare an unopposed rebuttal with material not in the previous report because, "if they were allowed to do so, theirs would not be subject to a direct response from any opposing expert [and] [t]his immunity, combined with the element of surprise, would be unfair"). The situation would be different if the City's expert report was limited to a critique of Dr. Killingsworth's methodology; however, this is not the case. The City conducted an independent analysis using a new methodology. Plaintiff simply seeks an opportunity to rebut this analysis and methodology, as the City was permitted to do so in response to Plaintiff's expert report.

Therefore, Plaintiff respectfully requests permission to submit a reply expert report by July 31, 2012. Plaintiff's service of a reply expert report will not impact any other deadlines in this matter or otherwise result in any delay.

Respectfully submitted,

David E. Gottlieb

cc:   Arthur Larkin, Esq.
      A. Lorenzo Bryan, Esq.